[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION OF CHILD SUPPORT AND FOR ORDERS RELATING TO VISITATION
In this matter the defendant requests that this court modify its order requiring defendant to pay plaintiff as support for one minor child the sum of $340.00 weekly. This order represents a portion of the agreement reached by the parties at the time their marriage was dissolved on August 27, 1998. CT Page 5221
The defendant movant testified that while the child support guidelines at the time of the dissolution would have established his child support at $212.00 per week, he agreed to pay the greater amount because: (1) he wanted his child to be able to remain in the family home in Plantsville until he graduated from high school and (2) the additional support was to help pay the mortgage.
Plaintiff for her part stated the reasons for the higher support payment were: (1) she did not pursue a request for alimony; (2) under the agreement she was solely responsible for daycare expenses for the minor child; (3) the defendant felt guilty about causing the break up of the marriage.
Since the dissolution decree plaintiff has remarried, sold her home, and she and the minor child are now living in Watertown with her present husband, his daughter and his mother. A second stepdaughter of the plaintiff also spends time at this residence when not away at school.
Sec. 46b-86 (a) C.G.S. sets forth the requirements governing the modification of court ordered child support as follows:
 "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to Section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen percent from the child support guidelines is not substantial and any deviation of fifteen percent or more from the guidelines is substantial."
From an examination of the evidence the following is noted:
1. The dissolution decree does not preclude modification of a child support order.
2. It does not appear that at the time the original child support order was entered the court found that the application of the guidelines would CT Page 5222 be inequitable or inappropriate.
3. On the date of dissolution plaintiff had a net weekly income of $611.00 and weekly expenses of $1,086.00 including rent or mortgage of $327.00 weekly.
4. On that date defendant had a net weekly income of $1,136.00 and weekly expenses of $1,299.00 including $290.00 set aside for retirement.
5. At the present time plaintiff has a net weekly income of $784.00 and weekly expenses of $1,322.00 including $473.00 for rent or mortgage.
6. The defendant now has a net weekly income of $1,163.00 and weekly expenses of $1,313.00 including $262.00 for retirement.
Further comparison of the net weekly incomes of the parties reveals that plaintiff's has increased twenty-eight percent since the original order while defendant's has increased two percent. Plaintiff's weekly expenses have increased twenty-two percent while defendant's have remained about the same.
At the modification hearing plaintiff testified that her $473.00 weekly mortgage payment represented two-thirds of the total amount due the mortgagee, her mathematical reasoning apparently being that she and her daughter should be responsible for two thirds and her present husband for one third of the payment. On cross examination it developed that defendant's mother and daughter also reside there. The court wonders if plaintiff, when calculating her rental obligation, has not overlooked the other members of her present husband's extended family. Similarly, the court has difficulty digesting her estimate of $192.00 for the weekly cost of food, an increase of one hundred forty percent in less than four years for presumably the same number of people.
The court concludes on the evidence that there has been a substantial change in the circumstances of the plaintiff in that the family home has been sold, her income has increased twenty-eight percent while defendant's has remained relatively constant, and her present weekly expenses can with reasonable and prudent effort be reduced.
It is determined that on the basis of the present incomes of the parties the guideline weekly child support owed plaintiff by defendant is $193.00 per week. In addition, defendant shall be responsible for sixty percent of both the cost of daycare and of unreimbursed medical expenses of their minor child.
Lastly, with regard to certain problems relating to visitation with the CT Page 5223 minor child, it is ordered that responsibility for his transportation shall be shared by the parties, either one doing the pick-up and the other the return, or, in the alternative, their meeting at a mutually convenient public midway location.
John D. Brennan Judge Trial Referee